# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN



GERALD C. MANN
ATTORNEY GENERAL

Honorable Clifton H. Morris, Chairman
State Board of Public Accountancy
1208 Fair Building
Fort Worth, Texas

Dear Sir:

Opinion No. O-3747
Re: Use of the initials "C. P. A."
in Texas by a person who holds
a valid and unrevoked certifi-
cate from another state, but
none from Texas.

We are pleased to comply with your request letter
of June 24, 1941, which reads as follows:

"Under Article 1151 Penal Code of Texas,
it is illegal to use the initials C. P. A. unless
the person so using such initials has received
a certificate as a Certified Public Accountant.

"The question has now arisen as to the right
of a Certified Public Accountant of another state
to practice in Texas and use the initials C. P. A.
if he shows that he has been certified in another
state. Specifically, there now appears in the
Dallas telephone directory the names of two ac-
countants, shown --- C. P. A. (Mo.), --- C. P. A.
(Fla.).

"As a matter of fact the State Board of
Public Accountancy of Texas enjoys reciprocal
relations with Missouri and Florida, and these
two accountants would probably receive Texas
certificates by reciprocity if they made applica-
tion to the Texas Board."

NO .......... IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Upon application to, and successful examination before, the State Board of Public Accountancy, a person, if otherwise qualified, is issued a certificate as a "Certified Public Accountant of the State of Texas." Article 34, Revised Civil Statutes of Texas.

Article 37 provides that "the board may in its discretion waive the examination and issue a certificate to any person who has received and holds a valid and unrevoked certificate as a Certified Public Accountant issued by or under the authority of any State * * * if such certificates or degree shall, in the opinion of the board, have been issued under a standard fully equivalent to that of the requirements of said board, and issued by such State * * * as may extend the same privilege to Certified Public Accountants holding certificate from this State * * *."

Article 1132 of the Penal Code reads in part as follows:

"If any person represents himself to the public as having received a certificate as a Certified Public Accountant issued as provided for by the law of this State, or advertises as a 'Certified Public Accountant', or uses the initials 'C.P.A.' or otherwise falsely holds himself out as being qualified under said law, while practicing in this State, without having actually received such certificate * * * he shall be fined not to exceed Two Hundred Dollars ($200.00)." (Emphasis ours)

In Crow v. State, 260 S. W. 573, the Court of Criminal Appeals analyzed this statute as follows:

"The statute in question contains several subdivisions, each including acts which would amount to a violation. These may be tabulated as follows: (1) Any person who represents himself to the public as having received a certificate as provided for in this act. (2) Who ad-

vertises as a 'Certified Public Accountant'.  (3)
Who uses the initials 'C.P.A.'  (4) Who otherwise
falsely holds himself out as being qualified
under this act. . ."  (Emphasis ours)

The provision "or otherwise falsely holds himself
out. . ." contemplates other and separate acts and does not
qualify the preceding provision "or uses the initials 'C.P.A.'."
Therefore the fact that an advertisement reads "C.P.A. (Mo.)",
although not strictly a false advertisement, is nonetheless a
use of the initials "C.P.A.", and is prohibited unless the
Texas Board has issued a certificate to the person so adver-
tising.

In People v. National Association of Certified
Public Accountants, 204 App. Div. 268, 197 N. Y. Supp. 775,
there was before the Appellate Division of the Supreme Court
of New York the statute of that state which read, in part,
as follows:

". . . And no other person shall assume such
title, or use the abbreviation 'C.P.A.', or any
other words, letters, or figures, to indicate that
the person using the same is such certified public
accountant."

With reference thereto the New York Court said:

"It is entirely clear from Sections 60, 61,
of the General Business Law above quoted, that no
person may hold himself out as a certified public
accountant, or use the abbreviation 'C.P.A.' or
any other words, letters, or figures to indicate
that the person using the same is a certified pub-
lic accountnat, except upon the authorization of
the Regents of the University of the State of New
York."

Subsequently, in People v. Marlowe, 203 N. Y. Supp.
474, the defendant was charged with using the abbreviation
"C.P.A.(N.A.)", the abbreviation "N.A." indicating membership
in the National Association of Certified Public Accountants,

a corporation. The defendant had not been qualified by the New York State authorities. The court said:

"The fact that the degree of 'Certified Public Accountant' has been conferred upon the defendant by the Association of which he is a member does not, in my opinion, entitle him to hold himself out to the public as a public expert accountant in the State of New York. The use of such a degree, lawfully obtained from any board or other institution outside of this state, is prohibited, unless the requirements in our General Business Law, supra, have been fulfilled. The appending of the name of the association, institution, board or state, after the degree so used or employed by any person does not take him out of the prohibition of the statute under consideration."

Articles 54 and 57 of the Revised Civil Statutes of Texas, and Article 1123 of the Penal Code, were a part of the original Act, Senate Bill 222, Chapter 122, Acts of the Regular Session of the 34th Legislature, 1915. The legislative intent is clearly discernible that no person in Texas shall use the initials "C.P.A.", or otherwise hold himself out as a certified public accountant, without having first received a certificate from the Texas Board. A method was provided for an accountant from another state to secure such certificate without examination by making application to the State Board of Public Accountancy of Texas, whereupon if the standards of the state which had issued a certificate to him were equivalent to those of Texas, the accountant of another state would be issued a Texas certificate.

It is, therefore, the opinion of this department that the statutes of Texas prohibit the use of the abbreviation "C.P.A." by a person who has not been issued a certificate by the State Board of Public Accountancy of Texas, notwithstanding the appendment thereto of the abbreviation "Me." or "Fla." as connoting that the certified public accountant is not such by virtue of the laws of the State of Texas.

Yours very truly

APPROVED JULY 11, 1941

ATTORNEY GENERAL OF TEXAS

/s/ Grover Sellers

By

Zollie C. Steakley